IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS MOSS, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-216-M-BK |
| § | |
| US BANK NATIONAL ASSOCIATION § | |
| as Trustee for Residential Mortgage Asset § | |
| Backed Certificates Pass-Through § | |
| Certificates Series 2005-EFC2, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Upon the referral of the District Judge, the undersigned Magistrate Judge now considers Plaintiff's *Motion to Remand*, Doc. 5, and *Defendant's Motion to Vacate Default Judgment*, Doc. 4. Because Plaintiff failed to properly effectuate service of process on Defendant, the motion to remand should be **DENIED** and the motion to vacate default judgment should be **GRANTED**.

**I.     BACKGROUND**

Plaintiff filed this action against Defendant on July 27, 2015, in state court, seeking to quiet title by a declaration that the deed of trust encumbering his house is unenforceable.[1] Doc. 1-1 at 6-11 (Petition); Doc. 1-1 at 42-47 (First Amended Petition). On September 3, 2015, Plaintiff caused citation to be issued and served on the Texas Secretary of State, as Defendant's registered agent, for forwarding to Kristen Strong. Doc. 1-1 at 61-62 (Citation); Doc. 1-1 at 66 (Affidavit of Service). After Defendant failed to answer or otherwise appear, the state court entered a final, default judgment on December 16, 2015. Doc. 1-1 at 72-73 (Motion for Entry of

---

[1] This case was originally filed in the 116th Judicial District Court of Dallas County, Texas, but was transferred and consolidated with a case pending in the 191st Judicial District Court of Dallas County, Texas. Doc. 1-1 at 58, 68.

Default Judgment); Doc. 1-1 at 75 (Final Judgment).  Defendant filed its Notice of Removal to this Court on January 26, 2016.  Doc. 1.

## II.     PLAINTIFF'S MOTION FOR REMAND

The Court first addresses the motion for remand.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (observing that a court must address its subject matter jurisdiction at the earliest possible stage since, without it, the case can proceed no further).  Plaintiff argues that the notice of removal was not timely, since Defendant was properly served in its representative capacity as a foreign corporate fiduciary pursuant to Texas Estates Code sections 505.004 and 505.005, by effecting service on the Secretary of State on September 3, 2015, and November 5, 2015, and Defendant failed to file its notice of removal within 30 days of either date.  Doc. 5 at 2-3; Doc. 1-1 at 29, 70.  Defendant argues that it was not properly served with process because the service provisions of the Texas Civil Practices and Remedies Code, rather than those of the Texas Estates Code, apply.  Doc. 9 at 2-3.  Defendant further contends that because it was never properly served, its notice of removal was timely filed.  Doc. 9 at 2-4.

Any civil action brought in a state court of which a federal district court also has jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a).  However, the notice of removal must be filed within 30 days after receipt by the defendant of a copy of the state court petition "through service or otherwise." 28 U.S.C. § 1446(b)(1).  Relevant to the Court's inquiry here is whether Defendant was properly served under Texas state law.  *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 304 (5th Cir. 2014).

A "foreign corporate fiduciary" is a corporate fiduciary that does not have its main office or a branch office in Texas.  Tex. Est. Code Ann. § 505.001 (West pamphlet 2015).  When certain requirements have been met by a foreign corporate fiduciary, *see* Tex. Est. Code Ann § 505.004(a)(2) (West pamphlet 2015), notice or process may be served on the Texas Secretary of State as agent for the foreign corporate fiduciary, and such service has the same effect as if personal service was had in this state on the foreign corporate fiduciary.  Tex. Est. Code Ann. § 505.005 (West pamphlet 2015).  However, for this service provision to apply, a plaintiff must also allege facts in the petition demonstrating that a defendant indeed qualifies as a foreign corporate fiduciary under section 505.003 of the Texas Estates Code.  *U.S. Bank Nat'l Ass'n v. TFHSP LLC Series 6481*, 2016 WL 1084255, at *3 (Tex. App. – Fort Worth 2016, no pet.).

Section 505.003 states in pertinent part:

> (a)…a foreign corporate fiduciary may be appointed by will, deed, agreement, declaration, indenture, court order or decree, or otherwise and may serve in this state in any fiduciary capacity, including as: (1) trustee of a personal or corporate trust; (2) executor; (3) administrator; or (4) guardian of the estate.
>
> (b) A foreign corporate fiduciary appointed to serve in a fiduciary capacity in this state must have the corporate power to act in that capacity.
>
> (c) This section applies only to the extent that the home state of the foreign corporate fiduciary appointed to serve in a fiduciary capacity in this state grants to a corporate fiduciary whose home state is this state the authority to serve in like fiduciary capacity.

Tex. Est. Code Ann. § 505.003 (West pamphlet 2015).

In *U.S. Bank Nat'l Ass'n*, a Texas court of appeals found that the plaintiff failed to establish the requisites for service under the Texas Estates Code where the petition failed to specifically allege application of the provisions of section 505.003 to the particular defendant, including stating that the defendant was a foreign *corporate* fiduciary that did not have its main office or a branch in this state (it alleged only that the defendant was a "foreign fiduciary").  *U.S.*

3

*Bank Nat'l Ass'n*, 2016 WL 1084255, at *3.  At least one federal district court has held the same. *Kingman Holdings, LLC v. U.S. Bank National Association*, No. 4:15CV588, 2016 WL 1756508, at *3 (E.D. Tex. May 3, 2016)) (citing *U.S. Bank Nat'l Ass'n*, 2016 WL 1084255, at *3).  Though not binding, the Court finds both decisions persuasive.

Here, Plaintiff's original petition has similar deficiencies as those cited in *U.S. Bank Nat'l Ass'n* and *Kingman Holdings*.  Like in those cases, Plaintiff's bare allegation that Defendant is being sued in its capacity as a trustee is not enough to trigger the provisions of the Texas Estate Code.  *See U.S. Bank Nat'l Ass'n*, 2016 WL 1084255, at *3 (court is "prohibited from inferring any of the preceding jurisdictional facts based solely on the name of the defendant contained in Appellee's petition").  Moreover, whether Defendant is an actual "foreign corporate fiduciary" that could be served under the Texas Estates Code is of no moment, because Plaintiff's failure to allege the requisite jurisdictional facts rendered such service invalid regardless.  *Id.*

Based on the allegations in the Original Petition, service should have been effected pursuant to section 17.028(b) of the Texas Civil Practice and Remedies Code.  *Avila v. JPMorgan Chase bank, N.A.*, No. 3:15-CV-1009-L, 2015 WL 6438243, at *2 (N.D. Tex. Oct. 21, 2015) (Lindsay, J.).  Under section 17.028(b), "a plaintiff must serve the financial institution's registered agent or, if no such agent exists, serve the financial institution's president or branch manager at any office located in Texas."  *Id.*  This provision is also applicable to foreign and domestic financial institutions.  *The Bank of New York Mellon v. Redbud 115 Land Trust*, 452 S.W.3d 868, 871 (Tex. App. – Dallas 2014, pet. denied).

At the time Plaintiff filed the state court petition in this case, Defendant's registered agent was C T Corporation System, and the address for service of process was 1999 Bryan Street, Suite

900, Dallas, Texas 75201. Doc. 4-1 at 6. Thus, Plaintiff's service of process on the Texas Secretary of State was also insufficient under section 17.028(b).

Finally, Plaintiff's argument that Defendant has failed to explain when or how it received actual notice of this suit is a non-starter. Although 28 U.S.C. § 1446(b)(1) provides that the 30-day removal period runs from the receipt by the defendant of a copy of the state court petition "through service or *otherwise*," the term "otherwise" only refers to receipt of the complaint after and apart from service of the summons, and not the "mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (holding 30–day deadline did not begin when defendant received faxed, file-stamped copy of complaint but had not yet been served). In this instance, C T Corporation System, Defendant's appropriate registered agent, was never served at all. Moreover, Plaintiff cites no provision in the law requiring Defendant to establish when and how it actually became aware of this suit.

Accordingly, Plaintiff's motion to remand should be **DENIED**.

### III.     DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

Rule 60(b)(4) of the Federal Rules of Civil Procedure authorizes a court to relieve a party from a final judgment if the judgment is void. *See* FED. R. CIV. P. 60(b)(4). "[A] default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Moreover, a district court must set aside as void a default judgment obtained based on insufficient service, even if the case was removed after the entry of a default judgment in state court. *Thompson*, 775 F.3d at 306 (defendant's removal period did not begin to run because it

was never properly served, making the default judgment void and a district court must set aside a void judgment).

Defendant argues that the lack of service renders the state court default judgment against it void under Rule 60(b)(4). Doc. 4 at 2. Having previously concluded herein that Defendant was not properly served, Defendant's motion to vacate should be **GRANTED**.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's *Motion to Remand*, Doc. 5, should be **DENIED** and *Defendant's Motion to Vacate Default Judgment*, Doc. 4, should be **GRANTED**. Further, upon acceptance of this recommendation, Defendant should be granted 21 days to answer or otherwise respond to Plaintiff's *First Amended Petition*, Doc. 1-1 at 42.

**SIGNED** on May 19, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE